# UNITED STATES *v.* ROSS.

## APPEAL FROM THE COURT OF CLAIMS.

No. 131. Argued December 10, 1915.—Decided January 10, 1916.

An army regulation can have force only so far as it may be deemed to be in accord with the Acts of Congress.

*Quære* whether § 1235, Rev. Stat., was intended to preclude a recovery by an enlisted man of extra duty pay where the detail of extra duty was by competent authority but not in writing and the extra duty was actually performed.

Under the Hospital Corps Act of March 1, 1887, c. 311, 24 Stat. 435, and the Army Regulations 1433, 1435, 1436, members of the Hospital Corps are required to perform, for stated pay, all duties properly incident to the conduct of hospitals as efficient institutions including maintenance of telephone and telegraph office when necessary in the judgment of the military authorities.

Whether maintenance of a telephone and telegraph office in a military hospital is necessary calls in the first instance for judgment of the Department; and, in the absence of clear abuse of necessary official discretion, this court will not overrule the judgment of the Department that it is a necessary part of the maintenance of the hospital

within the provisions of the statute and that an enlisted man detailed to perform duties in connection thereunder is not entitled to extra duty pay.

49 Ct. Cl. 55, reversed.

THE facts, which involve the construction and application of statutes of the United States and military regulations in regard to conduct of military hospitals, and the right of an enlisted man to extra pay for services in connection with a military hospital, are stated in the opinion.

*Mr. Assistant Attorney General Huston Thompson* for the United States.

*Mr. Charles F. Consaul,* with whom *Miss Ida M. Moyers* was on the brief, for appellee.

MR. JUSTICE HUGHES delivered the opinion of the court.

The United States brings this appeal from a judgment of the Court of Claims awarding to Cecil D. Ross the sum of $303.45, as extra pay while he was in charge of the telegraph and telephone office at the general hospital, Presidio of San Francisco. 49 Ct. Cl. 55.

The facts found by the court were in substance as follows: The claimant enlisted on April 25, 1900, as an infantry private in the United States Army; he was transferred to the Hospital Corps and on November 8, 1900, to the general hospital at the Presidio where he was placed in charge of the telegraph and telephone office by verbal order of the surgeon commanding; and he performed duties accordingly, save for intervals of sickness, until he was discharged from the service on April 24, 1903, by reason of the expiration of his term of enlistment. He was not under the supervision of any one connected with the Signal Corps but remained under the orders of the medical

officer in command at the hospital. No pay was given
to him on account of his services as telegrapher other than
the usual pay and allowances of a private in the Hospital
Corps. The muster rolls in the hospital show that during
the entire period, except when sick, he was reported as
'telegraph operator.' These muster rolls, 'returns from
the Hospital Corps,' passed under the review of the
detailing and commanding officers at the hospital and in
due course reached the War Department. An effort was
made by the hospital authorities to secure the detail of a
man from the Signal Corps in the place of the claimant
but failed. During the time that the claimant was on
duty at the hospital, he was excused from other duties,
calls, details and inspection. The fact that he was per-
forming duty in the telegraph and telephone department
through the entire period, as stated, was personally known
to the major and surgeon commanding. The findings also
set forth the following exhibit:

"U. S. A. General Hospital,

"Presidio, San Francisco, Cal., November 23, 1903.

"Respectfully returned to Cecil D. Ross, late private,
first class, Hospital Corps, U. S. A., Holly Springs, Miss.,
with the information that the following endorsement was
written in this office on a communication from the Chief,
Record and Pension Office, War Department, Washington,
D. C., requesting information regarding your detail on
extra duty in the telegraph office at this hospital:

'U. S. A. General Hospital,

'Presidio of S. F., Cal., November 12, 1903.

'Respectfully returned to the Chief, Record and Pension
Office, War Department, Washington, D. C., with the
information that Private Cecil D. Ross, Hospital Corps,
U. S. Army, joined at this hospital for duty Nov. 8, 1900,
and was discharged April 24, 1903, by reason of expiration
of term of enlistment.

'He was on duty in the telephone and telegraph office

at this hospital from Nov. 9, 1900, until date of discharge, but no printed order was ever issued detailing him on extra duty, as at an institution of this kind there are many duties to be performed, the general character of which are similar.

'W. P. Kendall,
'Major and Surgeon, U. S. A., Commanding.'

Although no order was issued detailing you on extra duty in the telephone and telegraph office at this hospital, you, nevertheless, performed this duty from November 9, 1900, until the date of your discharge.

W. P. Kendall,
Major and Surgeon, U. S. Army, Commanding Hospital."

The Government insists that there is no statutory authority for extra-duty pay to enlisted men of the Medical Department of the Army, that the right of recovery is denied by the Army Regulations and by statute, and that the claimant did not perform extra duty.

From an early date, provision has been made for the payment of enlisted men on extra duty at 'constant labor of not less than ten days.' Acts of Mar. 2, 1819, c. 45, 3 Stat. 488; May 19, 1846, c. 22, 9 Stat. 14; July 13, 1866, c. 176, 14 Stat. 93; Feb. 1, 1873, c. 88, 17 Stat. 422; Revised Statutes, § 1287; Acts of July 5, 1884, c. 217, 23 Stat. 110; Mar. 3, 1885, c. 339, 23 Stat. 359. For the present purpose, we may assume that the Court of Claims correctly construed the provisos of the appropriation acts of July 5, 1884, and March 3, 1885, as amendatory of § 1287 of the Revised Statutes, and as thus having the effect of providing a general rule. 49 C. Cls., pp. 63–65. See Army Regulations (1889), 163; (1895) 165; (1901) 183; (1904) 168; (1908) 168; (1910) 169; (1913) 170; 14 Comp. Dec., p. 153; 15 Comp. Dec., p. 375. The applicable clause, in this view, of the act of 1885 provides that "such extra-duty pay hereafter shall be at the rate of fifty cents per day for mechanics, artisans, school-teachers, and clerks at

Army, division, and department headquarters, and thirty-five cents per day for other clerks, teamsters, laborers, and other enlisted men on extra duty."

The regulation in force at the time in question—to which the Government refers as denying the right of recovery—states that "enlisted men of the several staff departments will not be detailed on extra duty without authority from the Secretary of War. They are not entitled to extra-duty pay for services rendered in their respective departments." Army Regulations (1895), 167; (1901) 185. And the statute which the Government cites (Rev. Stats., § 1235) provides that detail for employment in "constant labor" shall be "only upon the written order of a commanding officer, when such detail is for ten or more days." We agree with the contention of the claimant that the regulation can have force only so far as it may be deemed to be in accord with the acts of Congress; and we may assume in deciding the present case, as was held by the court below, that § 1235 of the Revised Statutes was not intended to preclude a recovery of extra-duty pay, where there had been a detail to extra duty by competent authority, although not in writing, and extra duty entitling the enlisted man to extra pay under the statute had actually been performed.

But the question remains whether the claimant did perform 'extra duty.' The term is obviously a relative one; and it cannot be determined that the enlisted man was performing extra duty without a complete understanding of the scope of the duties which he might properly be expected to perform in accordance with his enlistment without receiving extra pay. What might be extra duty in the case of men of the line might not be extra duty in the case of men in the staff departments. The claimant had been transferred to the Hospital Corps; by that transfer he became a member of that Corps and bound to perform, without extra pay, any of the duties which pertained to that

service.  The act of March 1, 1887, c. 311 (24 Stat. 435), organizing the Hospital Corps, defining its duty, and fixing the pay of its members (as amended by the act of July 13, 1892, c. 162; 27 Stat. 120) provides:

"That the Hospital Corps of the United States Army shall consist of hospital stewards, acting hospital stewards, and privates; and all necessary hospital services in garrison, camp, or field (including ambulance service) shall be performed by the members thereof, who shall be regularly enlisted in the military service; said Corps shall be permanently attached to the Medical Department, and shall not be included in the effective strength of the Army nor counted as a part of the enlisted force provided by law.

"SEC. 2. That the Secretary of War is empowered to appoint as many hospital stewards as, in his judgment, the service may require; but not more than one hospital steward shall be stationed at any post or place without special authority of the Secretary of War.

*     *     *     *     *     *     *     *

"SEC. 5. That the Secretary of War is empowered to enlist, or cause to be enlisted, as many privates of the Hospital Corps as the service may require, and to limit or fix the number, and make such regulations for their government as may be necessary; and any enlisted man in the Army shall be eligible for transfer to the Hospital Corps as a private.  They shall perform duty as wardmasters, cooks, nurses, and attendants in hospitals, and as stretcher-bearers, litter-bearers, and ambulance attendants in the field, and such other duties as may by proper authority be required of them.

"SEC. 6. That the pay of privates of the Hospital Corps shall be eighteen dollars per month, with the increase on account of length of service as is now or may hereafter be allowed by law to other enlisted men.  They shall be entitled to the same allowances as a corporal of the arm of service with which they may be on duty."

The Army Regulations of 1895 contained the following:

"1433. General hospitals will be under the exclusive control of the Surgeon-General and will be governed by such regulations as the Secretary of War may prescribe. . . .

"1435. The senior surgeon is charged with the management and is responsible for the condition of the post hospital, which will be at all times subject to inspection by the commanding officer. . . .

"1436. The surgeon of the post will assign his assistants and the members of the Hospital Corps to duty, and report them on the muster rolls in the capacity in which they are serving. . . .

See Army Regulations (1901) 1621, 1628, 1629; (1913) 1439, 1447, 1448.

It cannot be doubted that it was the intention that the members of the Hospital Corps should perform, for the stated pay, all the duties that are properly incident to the conduct of hospitals as efficient instrumentalities. The Act provides that the privates 'shall perform duty as wardmasters, cooks, nurses, and attendants in hospitals . . . and such other duties as may by proper authority be required of them.' We know of no way of defining these 'other duties' except by reference to what may be reasonably demanded in the conduct of a fully equipped hospital, considered as an administrative unit including all that is required in its varied work. Telephone service may well be regarded as essential to the convenient conduct of a properly managed institution of this sort. With a correct understanding of its needs that facility may be deemed to be no less incidental to the hospital service than attendance at the door, or in the reception room, or in connection with the offices of administration. And if in the practical judgment of the military authorities the efficient management of a general hospital requires the maintenance of both a telephone

and telegraph office, we know of no ground for saying that members of the Corps who are assigned to this duty as a part of the current work of the establishment are any more entitled to extra pay than they would be in any other of the numerous activities which the successful administration of the hospital may demand.

Certainly, the question' was one calling in the first instance for the practical judgment of the Department. Numerous regulations, for a very long period of years, have shown the desire to prevent abuses in the service by unwarranted details to 'extra duty' as a basis for extra pay. The regulation, above quoted, that enlisted men of the several staff departments will not be detailed on extra duty without authority from the Secretary of War is significant in this aspect. In the conduct of an institution like a general hospital, where Congress has provided that all necessary services shall be performed by the members of the Hospital Corps, there is every reason for caution, and for the exercise of careful official judgment, in determining whether a particular case justifies or requires a detail on 'extra duty.' It is said that the authorities in the present instance endeavored to secure the detail of a member of the Signal Corps for the duty in question, but clearly we may not infer from the failure to obtain such assistance from the outside that the service was not regarded as within the scope of the duties which members of the Hospital Corps might properly be required to perform. The inference is to the contrary.

The judgment of the Department was that the claimant was not on extra duty. He was not in fact assigned on extra duty; there was no such detail in accordance with the regulations or the statute as there should have been if he was considered to be on extra duty. And, in the only official report relative to the matter, it appears that 'no printed order was ever issued detailing him on extra duty, as at an institution of this kind there are many

duties to be performed, the general character of which are similar.'

We are asked to overrule this departmental judgment, and to take this service out of the broad description of the statute relating to the duties of members of the Hospital Corps. We find no basis for such action. On the contrary, we cannot escape the conclusion that, in view of the provisions of the Act of Congress and of the authorized regulations with respect to the conduct of military hospitals, we are not at liberty to say that extra-duty pay has been earned in connection with service therein—where there was no detail on extra duty—unless there is a clear abuse of the necessary official discretion. No such abuse is shown here.

*The judgment of the court below is reversed and the cause remanded with direction to dismiss the claimant's petition.*

*It is so ordered.*