Downey, Judge,
reviewing the facts found to be established, delivered the opinion of the court:
The plaintiff in this case, during the period in question, was an enlisted man in the Marine Corps, and he seeks to recover extra-duty pay at the rate of 35 cents per day for services performed as clerk in the first sergeant’s office from *255 July 16 to September 80,1904, and as sergeant major’s clerk from October 1, 1904, to January 31, 1905, and as clerk in the commanding officer’s office from February 2 to 28, 1905, all at the Marine Barracks, League Island, Pennsylvania. It appears that this service was performed pursuant to verbal orders of the commanding officer. The claim is predicated upon the act of March 3, 1885, and particularly upon the proviso contained in the paragraph of that act making appropriation for incidental expenses, under the subhead
Quartermaster’s Department,” as follows:
“Provided, That two hundred and fifty thousand dollars of this sum, or so much of it as shall be necessary, shall be set aside for the payment of enlisted men on extra duty at constant labor of not less than ten days, and such extra-duty pay hereafter shall be at the rate of fifty cents per day for mechanics, artisans, school-teachers, and clerks at Army, division, and department headquarters and thirty-five cents per day for other clerks, teamsters, laborers, and others.”
This provision, except as to the amount, followed substantially a provision carried in the preceding act of July 5, 1884, 23 Stat., 108.
Section 1287 of the Revised Statutes had provided the rate of extra-duty pay for soldiers detailed for employment as artificers or laborers in the construction of permanent military works, public roads, or other constant labor of not less than 10 days’ duration. This court has construed this provision in the act of March 3, 1885, as amendatory of section 1287 (Ross's case, 49 C. Cls., 55), and that construction was, at least for the purposes of that case, approved by the Supreme Court. United States v. Ross, 239 U. S., 530.
It is contended by counsel for the defendant that this provision in the act of 1885 was not general legislation, and that it was applicable only to the Quartermaster’s Department. The contention as to applicability to the Quartermaster’s Department only would undoubtedly hold if it were with reference to the appropriation made by the paragraph from which the quotation is taken, since that appropriation, under every rule of construction, must be regarded as applicable only to the particular branch of the service for which made, and to this contention the citation of counsel, with reference *256 to the subsequent incorporation in this proviso in the act of March 15, 1898, of the words “ Quartermaster’s Department ” would lend weight, but it is to be observed that those words when incorporated in the last-mentioned act, were clearly applicable to the use to be made of the particular sum appropriated by that act. But it can scarcely be concluded, because the particular appropriation must necessarily be limited to the uses of that particular branch of the service, that other language coupled therewith may not have a more general application. But for that language fixing the rate of extra-duty pay the provisions of section 1287 must necessarily have applied to payments to be made for extra duty out of that appropriation, and according to counsel’s theory it would necessarily result that the provisions of that act must amend section 1287 for the purposes of the Quartermaster’s Department. But section 1287 was not limited in its operation to the Quartermaster’s Department, and it is scarcely reasonable to conclude that Congress intended to amend section 1287 for the purposes of that particular branch of the service and leave it operative in its original form for the rest of the service. It is to be noted, also, that in fixing the rate of pay classes are included which are not within section 1287 and which bear no particular or exclusive relation to the Quartermaster’s Department. The word “ hereafter,” as used in that proviso, is the word commonly used by Congress when it is intended to make of the provision in which it is used permanent legislation, and we see no reason now for departing from the former holding that the language of that proviso was permanent in its character so far as the rate of extra-duty pay was concerned and amended section 1287.
In this connection there is for consideration, then, two other matters. The first is the fact that section 1612 of the statute gives to enlisted men of the Marine Corps the same pay as enlisted men of the Army, and the other is that for the same fiscal year for which the appropriation act, in which appears the proviso quoted, was made, there also appeared, in the Navy appropriation act, under the subhead “ Marine Corps,” and in the appropriation for contingencies therefor, *257 the words “for * * * per diem to enlisted men employed on constant labor for periods of not less than ten days * * It is also noticeable, in this connection, that for the fiscal year 1905, within which the services claimed for were rendered, the Army appropriation act, under the subhead “Incidental Expenses, Quartermaster’s Department,” makes the appropriation available for extra-duty pay to soldiers employed on extra duty for periods of not less than ten days, without any specific provision therein as to the rate of pay, and that the Navy appropriation act for that year, under the subhead “ Contingent, Marine Corps,” also makes an appropriation which, among other purposes, is available for “per diem of enlisted men employed on constant labor for a period of not less than ten days.”
It is also contended, on behalf of the defendant, that there can be no recovery in this case because the detail was not in writing. This question has been heretofore considered by this court as well as by the Supreme Court, and it has been held that the section of the statutes providing for details in writing was not intended to preclude a recovery of extra-duty pay to which a man might be entitled under the law where it appeared he had been detailed to such extra duty by competent authority and that the extra duty had been actually performed. Ross’s case, supra; Holthaus’s case, decided by this court May 6, 1907; Nookle’s case, 14 Comp. Dec., 151.
Finding IV sets out paragraph 446 of a System of Accountability, United States Marine Corps, approved by the Secretary of the Navy, in compliance with the request of counsel for the defendant. Its effect, if any, upon claimant’s rights in the present case, is for our consideration. It is, as stated, a paragraph in a “ System of Accountability.” Some light is thrown upon its purpose by the following paragraph :
“ 447. Soldiers on extra duty will be paid the extra rates of pay allowed by law for the duty performed and for the exact number of days employed; and no greater number of men will be employed on extra duty at any time than can be paid the full legal rates for the time employed from the funds provided. Payments made in violation of the above *258 rules will be charged against the officers who ordered the details.”
The concluding sentence of the last-quoted paragraph indicates that these provisions are administrative in their character and go largely to questions of accountability upon the part of officers charged with certain duties. While the first paragraph clearly contemplates that details to extra duty shall be under the written authority of the commandant of the corps, the paragraphs together are open to the construction that the department recognized the fact that a man might become entitled to pay for extra duty without this detail having been in writing, and intended, in the event that an officer’s conduct was responsible for that situation, to place the responsibility therefor upon him by making a charge against him. In any event, we can not adopt the view that the provision of the first-quoted paragraph, requiring details to extra duty to be in writing, could in any manner serve to abridge a right which a man might have under the law.
It follows that the questions for determination in the present case are whether the claimant performed extra duty, and whether he was detailed thereto by competent authority. Considering the questions in inverse order it may be said with reference to the second, that it appears and has been found that the claimant was detailed to clerical duty by the commanding officer of the post. It appears, also, that he was carried upon the muster rolls for the periods involved as upon this particular duty, and that the muster rolls were signed by the several officers who were, at the time, commanding the marines, and were transmitted through the usual channel to the headquarters of the Marine Corps. We think it sufficiently appears that the claimant was detailed to this duty by competent authority. The remaining question for consideration is as to the character of the duty. The details were, in terms, to “ special duty.” It has been held, and may now be said to be well settled, that the mere designation of the duty as special duty can not, of itself, determine the character of the duty and deprive the claimant of his rights to compensation therefor if, in fact, the duty was extra duty. *259 Whether it was special duty or extra duty is to be determined from the facts themselves. In the opinion of this court in Ross v. United States, supra, quotation was made from an opinion of the Judge Advocate General of the Army, found in the decision of the Comptroller of the Treasury in Brady's case, 15 Comp., 374. This opinion distinguishes very elaborately and quite clearly between extra duty and special duty, and we know of no better authority to follow upon that question. Unfortunately, in this case, we are not informed by the evidence as to the particular character of duty performed during these periods by claimant. We are left to apply, as best we can, the distinctions drawn in the opinion of the Judge Advocate General to the meager facts furnished with reference to the services in this case. In the Ross case it is said, “ But the question remains whether the claimant did perform extra duty. The term is obviously a relative one,” etc. We are of the opinion that this case should be remanded with leave to the plaintiff to furnish additional evidence, if he desires, calculated to enable the court to determine, from the facts themselves, in the light of this opinion, whether or not the services performed and claimed for in this case were, or were not, extra duty. It is so ordered.
Hat, Judge, BarNey, Judge, Booth, Judge, and Campbell, Chief Justice, concur.