DowNey, Judge,
delivered the opinion of the court:
The plaintiff, who was a private in Company M, 2d TJ. S. Infantry, stationed at Fort Shatter, Hawaiian Islands, sues for extra-duty pay for the period from August 18, 1913, to April 30, 1914, inclusive. During this period he, with his entire company and some sixty other men, were engaged in constructing eight barracks for the accommodation of two battalions of four companies each, with mess halls, officers’ quarters, etc., and in addition thereto a sewer and roads.
Two questions are for determination: First, whether the duty was in fact “ extra duty,” and second, whether, if extra duty, there was such detail thereto as entitles him to the statutory pay.
In reporting upon the claim, the Auditor for the War Department says that “ he was detailed on extra duty, August 18, 1913, as laborer in connection with the construction of a cantonment at that post, digging sewer mains, blasting, sharpening instruments, and also having charge of building materials,” but he disallowed the claim on the ground that the extra duty performed by the soldier was for the organization to which the soldier belonged and was not of the nature to entitle him to pay for extra duty, and no question is made as to the matter of the detail itself.
*256 The apparent inconsistency between the auditor’s use of the words “extra duty” and his grounds of disallowance are really immaterial, just as is the use of the words “ special duty” in the order relieving the plaintiff from this duty, for we have held that the use of the words “ extra” or “special” are not conclusive but that the character of the duty may be determined from the facts. Scheid v. United States, 52 C. Cls. 247-258.
In the Soheid case we referred to an opinion of the Judge Advocate General of the Army found in the decision of the Comptroller of the Treasury in Brady's case, 15 Comp. Dec. 374, as distinguishing elaborately and clearly between “ extra duty ” and “ special duty,” and it is yet to be regarded as the best authoritative exposition of the subject. We do not deem it necessary to discuss in detail the nature of the duties here involved for the purpose of applying the Judge Advocate General’s opinion. The only permissible conclusion is that those duties were “ extra ” and not “ special.” It is carrying the announced rule of special duty too far to say that the service in this case was for the benefit of the organization to which the plaintiff belonged. Such a holding puts too broad a construction on'“ organization,” as well as the nature of the duties which may be deemed “ special.”
But although not suggested as a ground of disallowance by the auditor, and it is possible he may have had some information we have not, it is the absence from the record of any detail in writing which presents the more serious question. Not that, under the authorities, there may not be a recovery without specific proof of a detail in writing, but since section 1235 B,. S., provides that such details as that here involved shall be only upon the written order of the commanding officer, the plain purpose of the statute may not be disregarded, and unless facts proven serve fully that purpose, its letter is for enforcement.
In the Holthaus case, 42 C. Cls. 544, decided by this court without an opinion, but not appealed, it appeared that the plaintiff had been carried on the muster rolls as being on extra duty, that the muster roll had been approved monthly by the commanding officer and sent by him to headquarters, and that plaintiff’s employment on that duty was known to *257 the commanding officer of the Marine Corps both from the receipt of the muster rolls at his office and also personally, and it was held that he could recover even though there had not been an order in writing detailing him to extra duty.
In the Boss ease, 49 C. Cls. 55, where the claim was for extra duty because of services for a considerable period of time as telegraph and telephone operator at the General Hospital, Presidio, California, it was said by this court that “ the Hospital Corps returns for each month for over a year designated him as a ‘ telegraph operator,’ and the fact that these monthly returns must have passed under review of the proper authorities of the Hospital Corps, including the detailing officer, and found their way in due course into the War Department, and the further fact that claimant’s employment in the telegraph and telephone office was known personally to the major and surgeon commanding at said hospital are sufficient in our judgment to entitle claimant to recover upon that phase of his claim.” This case was reversed by the Supreme Court, 239 U. S. 530, on the ground that the facts did not show the duty performed to be “ extra ” duty, but upon the question of the detail the Supreme Court said :
“We may assume in deciding the present case, as was held by the court below, that section 1235 of the Revised Statutes was not intended to preclude a recovery of extra-duty pay where there had been a detail to extra duty by competent authority, although not in Avriting, and extra duty entitling the enlisted man to extra pay under the statute had actually been performed.”
In Scheid v. United States, supra, although there was no detail in writing, we found that the plaintiff had been in fact detailed to the duty in question; that he had been carried on the muster rolls for the period involved as upon this particular duty; that the muster rolls were signed by the several officers who were at the time commanding the marines and were transmitted through the usual channels to headquarters, and we concluded that it sufficiently appeared that the claimant was detailed to the duty in question by competent authority.
*258 In decisions of the Comptroller of the Treasury, not necessary to review, it has been held, under facts stated, that details by competent authority sufficiently appeared even though not in writing.
In the instant case no detail in writing is found in the record and in fact it does not appear whether there was a detail in writing. The plaintiff has no written order in his possession, and in this connection, as one feature for consideration, it is to be suggested that, in view of the fact that the plaintiff’s entire company was engaged upon this duty, there would, naturally be no detail in writing addressed to' the individual members of the company and the detail, so far as the company was concerned, would properly be a detail of the company as a body, and therefore addressed to the commanding officer of the company.
It is also to be observed that the plaintiff has apparently done all he could to bring into the record a copy of the order of the commanding officer, if there was one, by applying to this court for a call upon the War Department to produce a copy of the order, and it may be said also that the War Department was vigilant in the transmission of the call of the court to various branches of the service in an endeavor to procure a copy of the order, for the call, starting with The Adjutant General’s Office, bears sixteen endorsements, evidencing its travels to the Hawaiian Islands, and finally, after return to this country, to Camp Sherman, Ohio, where the 2nd Infantry was then located, but nothing of record with reference to this work was developed. The plaintiff, however, testifies that the orders for this work came from the commanding officer, Colonel Francis H. French, and it appears of record that the order relieving these men from this duty was issued by the adjutant of the 2nd Infantry “ by order of Colonel French.”
It does not specifically appear of record just how many troops were stationed at Fort Shatter, but the work in question involved the erection of quarters for two battalions of four companies each. It is not questioned that it covered a period of more than eight months and that one entire company, Avith some additional men, were engaged thereon. It is wholly beyond reason to assume that an entire company *259 out of two battalions could have been engaged for this period of time at this fort upon a work of that character and extent except by direction of the commanding officer. And that they were relieved from this duty, when completed, by an order in writing issued “ By direction of Colonel French ” carries its own implication, not only that the commanding officer was fully informed as to the duty upon which these men were engaged, but that they were so engaged by his order, with the probability, since the less important relieving order was in writing, that the order assigning to this duty was also in writing.
The United States in defending this action does not question the service rendered by the plaintiff, nor the character of the service, nor that he was detailed to that service. The defense asserts, in this respect, simply that the burden is upon the plaintiff of proving a detail in writing and that he has not done so. Whether there was an order in writing or not, we think there is room for no other conclusion than that the service here involved, to which it is not questioned that he was detailed, must have been performed with full knowledge and no doubt by direction of the commanding officer and hence that he was detailed thereto by competent authority, and the duty being in fact “ extra duty ” it follows that he is entitled to recover extra duty pay for the period involved. We have directed judgment accordingly.
Graham, Judge; Hay, Judge; Booth, Judge; and Campbell, Chief Justice, concur.