ANTOINETTE COVIELLO, PETITIONER-DEFENDANT IN CERTIORARI, v. NEW YORK CENTRAL RAILROAD COMPANY, A CORPORATION, RESPONDENT-PLAINTIFF IN CERTIORARI.

Submitted May 7, 1940—Decided September 25, 1940.

Before Brogan, Chief Justice, and Justices Parker and Perskie.

For the petitioner-defendant in *certiorari, Collins & Corbin* (*Edward A. Markley* and *Charles W. Broadhurst,* of counsel).

For the respondent-plaintiff in *certiorari, Wall, Haight, Carey & Hartpence* (*Charles J. Gormley,* of counsel).

Brogan, Chief Justice. In this matter, a compensation case, the sole question is whether the decedent, at the time of the accident which resulted in his death, was engaged in interstate transportation. The compensation bureau dismissed the petition on the premise that he was so engaged. On appeal, the Pleas reversed this judgment, holding that at the time of the accident the decedent "was not engaged in work so closely related with interstate transportation as to be part thereof," which is the test as to whether or not the compensation bureau has jurisdiction. *Shanks* v. *Delaware, Lackawanna and Western Railroad,* 239 *U. S.* 536; *Chicago and Northwestern Railway Co.* v. *Bolle,* 284 *Id.* 74. That the accident arose out of and in the course of the employment is not disputed, the sole question being that which is stated in our opening sentence.

Petitioner's duties for the carrier consisted in trimming wicks of the switch lamps, keeping the glass of the lamps clean, replenishing them with oil and greasing and oiling the switches themselves.

The Weehawken yard, the site of the accident, is described as a classification yard made up of ten smaller yards, used "almost entirely if not exclusively for the movement and classification of freight cars, loaded and empty, moving in

transportation between the several states of the United States."

May one in the performance of the duties outlined, without more, be said to be engaged in interstate transportation? We do not think so. Prior to 1915 it might have been so held but from that year we clearly perceive a departure in our federal Supreme Court from the view it formerly entertained on this point. Compare *Pederson* v. *Delaware, Lackawanna and Western Railroad* (1913), 229 *U. S.* 146, with *Shanks* v. *Delaware, Lackawanna and Western Railroad* (1915), *supra.* In the former case it was held that the test was whether the work in question was part of the interstate commerce in which the carrier was engaged, but in the later case the court held that the true test of this character of employment was determined to be whether the employe at the time of his injury was engaged in interstate transportation or in work so closely related to it as to be practically a part of it; and this rule has been rigidly adhered to and has not been weakened by any subsequent decision. See *Raymond* v. *Chicago, Milwaukee and St. Paul Railroad* (1917), 243 *Id.* 43; *Chicago and Northwestern Railway Co.* v. *Bolle, supra.*

The deceased met his death from drowning. He slipped off a barge adjacent to the railroad yards, during his working hours while on his way to the toilet which was located on the barge. Applying the test laid down by the authorities cited, beginning with the Shanks case, we do not think that the duties performed by the decedent, *i. e.*, cleaning lamps and greasing switches, even though the instrumentalities were used for transportation and commerce that was interstate in character, can be said to be an engagement in interstate transportation or work so closely related to it as to be part of it. It is remote from interstate transportation itself. The service which he rendered was rather incidental to the means whereby interstate commerce and interstate transportation are carried on. When he filled and cleaned the lamps, trimmed the wicks and greased the switches, he had performed his duty completely. He had nothing whatever to do with interstate transportation. Our conclusion is that the compensation bureau had jurisdiction and should have entertained the

petition; that the judgment of the Pleas reversing the action of the bureau in dismissing the petition was correct. See *Martin* v. *Central Railroad,* 116 *N. J. L.* 162 (reversing judgment reported in 115 *Id.* 11). Compare *Rossi* v. *Pennsylvania Railroad,* 115 *Id.* 1; *affirmed,* 117 *Id.* 148.

The judgment of the Pleas will be affirmed and the writ dismissed, with costs.