Passaic County Court of Common Pleas.

BERTHA MICIELLI, WIDOW OF JOSEPH MICIELLI, DE-
CEASED, PETITIONER-APPELLEE, v. ERIE RAILROAD
COMPANY, RESPONDENT-APPELLANT.

Decided October 29, 1942.

For the petitioner, *Nathan Rabinowitz.*

For the respondent, *Hobart, Minard & Cooper.*

DAVIDSON, C. P. J.  This is an appeal from a determina-
tion entered in the Workmen's Compensation Bureau upon a
stipulation of facts from which it briefly appears that peti-
tioner's decedent was employed as a baggage porter at the
Jersey City terminal of respondent, his work confined entirely
to that city and his specific duties being to handle United
States mail that came from New York and load it on trains,
the sacks being destined for points both within and without
the State of New Jersey, to handle bundles of newspapers
moving en route from New York to points within and with-
out the State of New Jersey, and to meet incoming trains,
take mail and baggage therefrom, sort it out and route it
to various destinations.  The employee's hours were from
ten P. M. to seven A. M. and on the day of the accident he
had completed his work and was on his way home, when at
seven-thirty-three A. M., in attempting to alight from a train
moving into the Paterson station of the Erie Railroad at an
estimated speed of fifteen miles per hour, he was fatally
injured.  He had in his possession a personal pass issued

by respondent for use between Jersey City, New Jersey, and Paterson, New Jersey, which pass was expressly subject to the following conditions imprinted thereon:

"A person accepting and using this free pass thereby assumes all risk of accidents, death, personal injury and loss of and damage to property whether caused by negligence of any railroad company named on the other side or negligence' of any officer, agent or employee thereof, or otherwise.

"As a condition precedent to the issuing and use of this pass, each recipient represents that he or she is not prohibited by law from receiving such free transportation, and agrees that this pass will not be used in violation of any law and agrees that this pass is given gratuitously and furnishes no part of consideration for services, and that none of said railroad companies shall be considered as a common carrier as to the transportation furnished thereon.

"This pass is not transferable, and if presented by any other than an individual named thereon the conductor will take up pass and collect fare. This free pass is accepted and used upon the above conditions.

(Signed) JOSEPH MICIELLI.

"This pass will not be honored unless signed in ink or indelible pencil by the person or persons to whom issued."

The question primarily presented for determination, if liability exists, is whether the case comes under the Federal or State Act. Applying the test laid down in *Shanks* v. *Delaware, Lackawanna and Western Railroad*, 239 *U. S.* 536: "whether the employee at the time of his injury was engaged in interstate transportation or in work so closely related to it as to be practically a part of it," my conclusion is that the facts in the case under consideration make the federal statute inapplicable.

While it is true that the respondent did not expressly direct the employee to make use of the pass or necessarily use its trains for transportation; that his rate of pay was unaffected by the distance of his place of residence from Jersey City; that he might avail himself of the use of the pass within its limitations for other purposes, and that his employment would not cease if the pass were taken up by reason of fraudu-

lent misuse, it would still appear that it represented transportation with the express knowledge and acquiescence of the employer; that it was the result of continued practice in the course of the business of the employer which had ripened into a custom to such an extent as to practically become part of the contract of employment (even though the printed conditions seek to evade such conclusion); and that the arrangement was beneficial to both employer and employee.

There would probably be little question of liability if the employer had paid for the transportation or reimbursed the employee for the cost of his ticket—the same situation prevails, in my opinion, with reference to the issuance of a pass.

*Lehigh Navigation Coal Co.* v. *McGonnell,* 120 *N. J. L.* 428; 199 *Atl. Rep.* 906, and *Rubeo* v. *Arthur McMullen Co.,* 117 *N. J. L.* 574; 189 *Atl. Rep.* 662, establish the principles applicable to the present case and my conclusion is that the award of the Deputy Commissioner should in all things be affirmed.